UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVING VERDUZCO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FORD MOTOR COMPANY, *et al.*,<br><br>　　　　　Defendants. | CASE NO.  1:13-CV-01437-LJO-BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (DOC. 15); AND REMANDING ACTION TO STATE COURT |

　　　　On September 9, 2013, Defendant, Ford Motor Company ("Defendant" or "Ford") removed this personal injury and products liability action from San Joaquin Superior Court on the ground that Plaintiff had abandoned, on the eve of trial, its claims against the one non-diverse defendant in the underlying Superior Court action, Heritage Ford, Inc., a California Ford dealership. Doc. 1. Plaintiff moved to remand the case. Doc. 10. On October 22, 2013, the magistrate judge assigned to this action issued Findings and Recommendations ("F&Rs"), recommending remand. Doc. 15. The F&Rs also recommended that Plaintiff's requests for fees and costs be GRANTED, and called for further briefing in support of Plaintiff's application for fees and costs. *Id*. at 12-13. The F&Rs were served on all parties and contained notice that objections were to be filed within fourteen (14) days. *Id*. at 13. Defendant timely filed objections. Doc. 16.

　　　　In accordance with 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of the case. Having carefully reviewed the entire file, this Court finds the F&Rs are supported by the record and proper analysis. The Court need not address Ford's objections to the extent they reargue the points addressed by the F&Rs. The Court assumes the reader of this Order is familiar with the F&Rs.

1

This first issue addressed by the F&Rs is whether Ford's removal motion was timely under a now-outdated version of 28 U.S.C. § 1446(b), which provided, in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

The F&Rs concluded that, pursuant to *Ritchy v. Upjohn Drug Co.,* 139 F.3d 1313, 1318 (9th Cir. 1998), the one year limitation contained in § 1446(b) paragraph 2 did not apply to removals governed by paragraph 1.[1] F&Rs at 7. The F&Rs further concluded that fraudulent joinder removals are governed by the 30-day time limit in the first paragraph because cases involving fraudulent joinder do not "become removable," but rather, are "initially removable." *Id.* (citing *Ritchy*, 1316-19).

In its Objections, Ford concedes that the F&Rs correctly found that the one year limit on removal set forth in the second paragraph of § 1446(b) does not apply to cases in which the non-diverse defendant has been fraudulently joined, but erred in finding that fraudulent joinder removals must be accomplished within 30 days. In large part, Ford relies upon *Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d 1121 (9th Cir. 2013), to support the latter argument. *Roth* did indeed hold that the two, distinct 30 day removal periods set forth in the above paragraphs were not exclusive authorizations for removal. *Id.* at 1124-26. Rather, they operated to limit removal when triggered. In other words, a defendant served with a complaint that is obviously removable on its face, must remove within 30 days. Likewise, even if the initial pleading was not obviously removable, a defendant who receives "an

---

[1] This holding in *Ritchy* was an explicit rejection of other courts that held the one-year limitation applies to both paragraphs. *See Ritchy*, 139 F.3d at 1317.

2

amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable" must remove within 30 days of receipt of that paper. However, if a defendant initially received a complaint that did not reveal on its face that it was removable but later discovered on its own accord (rather than by receipt of an amended pleading, motion, order or other paper from the plaintiff) that removal was possible, defendant was bound by <u>neither</u> 30 day limitation. *Id*. at 1125-26. In cases governed by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1453, which specifically exempts covered class actions from the 1-year limitation in the second paragraph of § 1446(b), *Roth* held that a defendant in possession of such information could remove at any time. *Id*. at 1126. Yet, Ford fails to acknowledge that *Roth*, clearly explained, albeit in dicta, that in non-CAFA cases, of which the present action is one, a defendant who discovers information that reveals removability of a previously un-removable complaint, <u>may not remove more than one year after commencement of the action</u>, clearly indicating that the one year limit applies to <u>any</u> case in which removability is discovered more than 30 days after defendant is served with the initial complaint. *Roth*, 720 F.3d at 1126. *Roth*, therefore, strongly supports the F&Rs conclusion that removal in the present case, which took place more than six years after commencement of the Superior Court Action, was untimely.

Even if this Court were to ignore the dicta in *Roth*,[2] *Roth* did not concern the unique legal construct of fraudulent joinder. As the F&Rs correctly point out, in the Ninth Circuit, fraudulent joinder is kept on a short leash, severely limiting if not outright eliminating the applicability of the second paragraph of 28 U.S.C. § 1446(b). This is because the Ninth Circuit precedent strongly suggests that fraudulent joinder should be measured at the time a complaint is filed. *See Ritchy,* 139 F.3d at 1318-19. In *Ritchy,* for example, fraudulent joinder is described as "a term of art" that applies when "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state…." *Id*. at 1138. "Because fraudulent joinder will typically be apparent on the

---

[2] There is authority that suggests the District Courts of this Circuit are required to follow the dicta of the Ninth Circuit. *See Barapind v. Enomoto*, 400 F.3d 744, 750-51 (9th Cir. 2005).

3

face of the complaint, in most cases a defendant should be able to ascertain any fraudulent joinder issue within thirty days following service." *Selman v. Pfizer, Inc.*, 2011 WL 6655354, *4 (D. Or. Dec. 16, 2011).

This case presents a somewhat unusual circumstance, namely, a diverse defendant who claims it was not able to ascertain that a nondiverse defendant was fraudulently joined until more than one year after the case was commenced and more than thirty days after the diverse defendant was initially served. As the district court in *Selman* noted, *Ritchy* arguably leaves open the question of how to apply § 1446(b)'s time limitations to such a circumstance. Yet, Ford has not presented, and the Court has been unable to locate, any Ninth Circuit precedent that supports application of anything other than the first paragraph of 1446(b) to a fraudulent joinder case.

Even if this Court were to apply the second paragraph of § 1446(b) to the circumstances of this case, the one year limit therein would bar removal.[3] In an apparent attempt to escape this limitation, Ford points to a Fifth Circuit decision, *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 427-29 (5th Cir. 2003), which applied an equitable exception to the one year limit in § 1446(b) where there was evidence of deliberate forum manipulation.[4] *See also Selman*, 2011 WL 6655354 at *4 (discussing how *Tedford* applied an equitable exception where there was evidence of "backdating of papers … obfuscation of the dismissal of nondiverse parties" or other evidence of "purposefully dilatory and manipulative tactics"). Even assuming that the Ninth Circuit would ever apply such an equitable exception, an assumption about which the Court has serious doubts,[5] Ford has presented no evidence that would trigger application of equitable relief. The best Ford can come up with is the assertion that Plaintiff's counsel previously dismissed an unserved, nondiverse defendant (the State of California) from a different

---

[3] As discussed above, *Roth* indicates that under no circumstance should a non CAFA case not governed by the first paragraph of 1446(b) be exempted from the one year limitation. *See Roth* 720 F.3d at 1126.
[4] Contrary to the Ninth Circuit's clear ruling in *Ritchy*, 139 F.3d 1313, the Fifth Circuit applied the one-year limit to <u>both</u> paragraphs of § 1446(b). The equitable exception set forth in *Tedford* is, at least in part, a mechanism designed to prevent plaintiffs from precluding removal by filing an action in state court and then deliberately waiting one year before serving the defendant.
[5] The *Ritchy* court all but made fun of those courts that apply an equitable exception to the removal time limits because, as explained in the previous footnote, they do so to alleviate a problem of their own making. *Ritchy*, 139 F.3d at 1317-18.

automobile accident personal injury case against Ford on the eve of trial. Doc. 11 at 13. This fact can support many theories, including that defendant in the previous case was dilatory in discovery and/or motions practice. Ford has failed to establish entitlement to equitable relief from the one-year limit in the second paragraph of 1446(b). Therefore, even assuming the second paragraph applies here and an equitable exception exists, the removal is untimely.

While declining to go into great detail on the matter, the F&R also concluded in the alternative that Ford did not meet its burden to demonstrate fraudulent joinder, which must be established by "clear and convincing evidence." F&R at 10-12. Specifically, the F&Rs concluded that Ford failed to meet this burden because it conceded that Plaintiffs pled "colorable" claims for negligence against Heritage. *Id*. at 10. Ford is correct that a defendant may present extrinsic evidence to support a claim of fraudulent joinder, *Hall v. Laser Therapy Products, LLC*, 2009 WL 257411, *3 (E.D. Cal. 2009), and that the question of fraudulent joinder must be determined on the record at the time of the removal petition, *see, e.g., Hanson v. Bravo Env. NW, Inc.*, 2013 WL 4859319, at *3-4 (D. Or. Sept. 11, 2013) (citing 16 Moore's Fed. Prac. § 107.14[2][c][iv][A] at 107-59 (fraudulent joinder is determined "on the facts as they exist at the time the motion is heard.")). But none of this alters the ultimate conclusion that Ford has failed to establish the presence of fraudulent joinder. Just because Plaintiff abandoned his claims against Heritage does not mean Heritage was fraudulently joined. While Ford's position might be tenable in other Circuits, where the intent test for fraudulent joinder is recognized, *see, e.g., Englande v. Smithline*, 206 F. Supp. 2d 815, 817 (E.D. La. 2002) (explaining that in the Fifth Circuit "[a] party is considered fraudulently joined when the plaintiff has not or cannot state a claim for relief against that individual or entity under the applicable substantive law <u>or does not intend to secure a judgment against that defendant</u>")(emphasis added), the Ninth Circuit does not recognize intent as relevant to the fraudulent joinder analysis.[6] Rather, according to Ford's own description of this Circuit's fraudulent

---

[6] Ford also argues that the F&Rs ignored evidence that Plaintiff had no real intention in good faith to prosecute this action against Heritage. Doc. 16 at 15. It is Ford that ignores the text of the F&Rs, which did no such thing. The F&Rs concluded, correctly, that intent is not relevant to the fraudulent joinder inquiry in the Ninth Circuit. *See* F&Rs at 11.

5

joinder standard:

> The question in evaluating whether joinder was fraudulent is whether there is any possibility that the plaintiff will be able to establish liability against the resident defendant. [*Ritchey*, 139 F.3d] at 1318-1319; *see also Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003); *Morris v. Princess Cruises, In*c., 236 F.3d 1061, 1067 (9th Cir. 2001) (finding basis for negligent misrepresentation claim against nondiverse party to be nonviable). Under this approach, "the joinder of a nondiverse defendant may be treated as 'fraudulent' or 'sham' only where 1) the complaint contains no cause of action whatsoever against the nondiverse party, 2) the cause of action is patently spurious, or 3) a nominal cause of action is stated, but there is no reasonable basis for imposing liability." *Pooshs v. Altria Group, Inc.*, No. C 04-1221 PJH, ECF #51 at 6 (N.D. Cal. June 8, 2004)....

Doc. 11 at 6. In support of a finding of fraudulent joinder here, Ford acknowledges that Plaintiff's complaint stated a colorable negligence claim against Ford, but argues that on September 6, 2013, during the deposition of Plaintiff's expert, it became apparent that there was no reasonable basis for such a claim. In support of this assertion, Ford points out that during his deposition, Plaintiff's expert indicated that he had not been asked to offer any opinions that would connect Plaintiff's injuries to the used Ford explorer sold by Heritage. Doc. 11 at 4 (citing Pozzi Depo. 30-31). Plaintiff's counsel confirmed at that time that Plaintiff did not expect to offer any expert opinion connecting the Explorer to Plaintiff's injuries. *Id*. This establishes only one thing: that Plaintiff failed to pursue any such claim. It does not establish that there was no reasonable basis for such a claim. Ford could have established this through the presentation of its own evidence during the remand proceedings, but failed to do so.

  Finally, the F&Rs concluded that it was appropriate to require Ford to compensate Plaintiff for his costs and attorney's fees expended defending against the motion to remand. The F&Rs articulated the appropriate standard: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). The F&Rs found that Ford lacked an objectively reasonable basis for removal by, among other things, citing, yet ignoring, Ninth Circuit authority governing remand. F&Rs at 12. In addition, the F&Rs found that Ford's removal, on the eve of trial, following six

6

years of litigation, to be an improper effort designed to prolong this litigation, just the type of "unusual circumstances" that would warrant a fees and costs award. *Id.* This Court completely agrees with this reasoning. Ford's position on the timeliness of removal was objectively unreasonable for all the reasons set forth in the F&Rs and in this Order.

Accordingly, for the reasons set forth above:

(1) The F&Rs are ADOPTED IN FULL;

(2) Plaintiff's motion to remand is GRANTED and this case is REMANDED to the Superior Court of California, for the County of Stanislaus;

(3) The Clerk of Court is directed to take all necessary action to REMAND the case to the Superior Court of California, for the County of Stanislaus;

(4) Plaintiff's request for fees and costs is GRANTED; and

(5) The Parties shall follow the instructions set forth in the F&Rs regarding further briefing on the request for fees and costs.

IT IS SO ORDERED.

Dated:  **November 15, 2013**          /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE

7