# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IRVING VERDUZCO,** | **CASE NO. 1:13-CV-01437-LJO-BAM** |
| **Plaintiff,** | **ORDER TO SHOW CAUSE RE SANCTIONS** |
| v. | |
| **FORD MOTOR COMPANY,** *et al.*, | |
| **Defendants.** | |

On September 9, 2013, Defendant, the Ford Motor Company, through counsel Frank P. Kelly, of Shook, Hardy & Bacon L.L.P., filed a notice of removal of Superior Court of California for the County of Stanislaus Case No. 615207. Doc. 1. By a November 15, 2013 Order, this case was remanded to state court. Doc. 17 ("Remand Order"). The Remand Order followed extensive litigation in response to Plaintiff's motion to remand, involving the expenditure of considerable judicial resources, including the issuance by the assigned Magistrate Judge of Findings and Recommendations ("F&Rs"), Doc. 15, as well as the necessity of reviewing and responding to Defendant's objections thereto, Docs. 16 & 17. On December 4, 2013, this Court received a notice from the Stanislaus County Superior Court suggesting that the state court never received notice of the removal. *See* Doc. 19. Review of the underlying docket in Stanislaus County Superior Court No. 615207, *Verduzco, I. v. Ford Motor Company*, confirms that no notice of removal was provided to the state court and that a jury trial is currently underway in the state court action.

Notice to the state court is a prerequisite to removal. *See* 28 U.S.C. § 1446(d). Defense counsel's failure to file such a notice evidences bad faith intent to manipulate the judicial process and has without

1

question multiplied the proceedings. A federal court may base an order of sanctions on authority granted by 28 U.S.C. § 1927, which states, in pertinent part, that:

> Any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

"Section 1927 authorizes the imposition of sanctions against any lawyer who wrongfully proliferates litigation proceedings once a case has commenced." *Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1117 (9th Cir. 2000). This is one of the busiest judicial districts in the United States. Misuse of Court resources will not be tolerated.

Accordingly, and pursuant to 28 U.S.C. § 1927, Defense counsel is ordered to show cause in writing on or before December 20, 2013 why he should not be sanctioned in the amount of $10,000 for multiplying the proceedings. Payment in full of the sanction to the Clerk of Court will discharge this order to show cause.

IT IS SO ORDERED.

   Dated:   **December 11, 2013**          **/s/ Lawrence J. O'Neill**
                                              UNITED STATES DISTRICT JUDGE