UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IRVING VERDUZCO,

            Plaintiff,

      v.

FORD MOTOR COMPANY, *et al.,*

            Defendants.

_____/

Case No. 1: 13-cv-01437-LJO-BAM

**ORDER DENYING PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES AND COSTS WITHOUT PREJUDICE**

This case was removed to this Court on September 9, 2013.  (Doc. 1.) On November 15, 2013, on motion by the Planitiff, the Court ordered this case be remanded to Stanislaus Superior Court. (Doc. 17.) The Court's order remanding this case also found that Defendants lacked an objectively reasonable basis for removal, and invited Plaintiff to apply for the attorney's fees and costs incurred as a result of Defendants' removal.

Currently before the Court is Plaintiff's application for attorney's fees and costs.  (Doc. 18.) Defendants did not file an opposition. For the reasons explained below, Plaintiff's application does not include sufficient information to permit the Court to determine whether the requested fees are appropriate.

1

In determining a reasonable hourly rate, the fee applicant "has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Dang v. Cross,* 422 F.3d 800, 814 (9th Cir. 2005). The Ninth Circuit has elaborated that:

> This determination "is not made by reference to rates actually charged by the prevailing party." [ ] The court should use the prevailing market rate in the community for similar services of lawyers "of reasonably comparable skill, experience, and reputation." [ ]

*D'Emanuelle v. Montgomery Ward & Co., Inc*., 904 F.2d 1379, 1384 (9th Cir. 1990). The "relevant legal community" in the lodestar calculation is generally the forum in which the district court sits. *Mendenhall v. NTSB*, 213 F.3d 464, 471 (9th Cir. 2000); *Jadwin v. County of Kern*, 767 F.Supp.2d 1069 (E.D. Cal. 2011) (where a case is tried in the Eastern District of California, Fresno Division, "[t]he Eastern District of California, Fresno Division, is the appropriate forum to establish the lodestar hourly rate ..."); *Barjon v. Dalton*, 132 F.3d 496 (9th Cir. 1997) (applying the prevailing rate for the Sacramento community to an attorney whose practice was based in San Francisco when the case was litigated in the Eastern District, Sacramento Division).

Plaintiff has not provided sufficient information for the Court to determine if the hourly rate is reasonable. The entirety of Plaintiff's application for fees is a two-page affidavit of Joshua Markowitz. (Doc. 18.) However, Joshua Markowitz is not an attorney of record in this action. Additionally, Joshua Markowitz declares that he is a partner with the Law Office of Carcione, Cattermole, Dolinski, Stucky, Markowitz & Carcione, L.L.P., which Mr. Markowitz represents is the law firm of record for Plaintiff in this matter. Not only is this firm not a law firm of record for Plaintiff, but this firm may no longer exist. The Court does not possess any information about Joshua Markowitz demonstrating how he is involved in this case, or how the Court could determine a reasonable hourly rate.

Similarly, Joshua Markowitz declares attorney Joseph W. Carcione contributed to the remand motion.  However, no information about Mr. Carcione is provided.  Simply put, the Court is without any information concerning Mr. Carcione to determine a reasonable hourly rate.

Based on the foregoing, Plaintiff's application for attorney's fees (Doc. 18) is DENIED WITHOUT PREJUDICE.  Any further application shall be filed within 15 days of service of this order.

IT IS SO ORDERED.

Dated:    **April 24, 2014**                          /s/ *Barbara A. McAuliffe*
                                                          UNITED STATES MAGISTRATE JUDGE