UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVING VERDUZCO,<br><br>    Plaintiff,<br><br>    v.<br><br>FORD MOTOR COMPANY, *et al.*,<br><br>    Defendants.<br><br>_____ / | Case No. 1:13-cv-01437-LJO-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES AND COSTS**<br><br>**FOURTEEN-DAY DEADLINE** |

**I.     Background**

This case was removed to this Court on September 9, 2013. (Doc. 1.) On November 15, 2013, on motion by Plaintiff, the Court ordered this case be remanded to Stanislaus Superior Court. (Doc. 17.) The Court's order remanding this case also found that Defendants lacked an objectively reasonable basis for removal, and invited Plaintiff to apply for the attorney's fees and costs incurred as a result of Defendants' removal.

Pursuant to the Court's direction, on November 15, 2013, Plaintiff filed an application for attorneys' fees and costs. (Doc. 18.) Defendants did not file an opposition. On April 24, 2014, the Court denied Plaintiff's application for attorneys' fees and costs without prejudice. The Court's order found that Plaintiff's application lacked sufficient information to determine if the hourly rates requested were reasonable. The Court directed that any further application should be filed within 15

days of service.  Currently before the Court is Plaintiff's renewed application for attorneys' fees and costs filed on May 9, 2014.  (Doc. 24.)  Defendants did not file an opposition.  For the reasons explained below, Plaintiff's application is GRANTED IN PART and DENIED IN PART.

## II. Discussion

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The District Court has already determined that Plaintiff is entitled to an award of attorneys' fees and costs.  (Doc. 17.)  As such, the Court need only determine the appropriate amount of the attorneys' fees requested by Plaintiff.

District courts calculate awards for attorneys' fees utilizing the "lodestar" method.  *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).  The "lodestar" is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate.  *Id.* (quotation and citation omitted).  The "lodestar figure is presumptively a reasonable fee award," but "the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed in it."  *Id.*; *see also Morales v. City of San Rafael*, 96 F.3d 359, 363–64 & nn. 8–9 (9th Cir. 1996) (after making lodestar computation, district court assesses whether it is necessary to adjust the lodestar figure on the basis of the *Kerr* factors not already subsumed in the initial calculation).  The "lodestar" method is approved for calculating the award associated with improper removal.  *See Albion Pacific Property Resources, LLC v. Seligman*, 329 F.Supp.2d 1163, 1166 (N.D. Cal. 2004).

### A. Number of Hours Reasonably Expended

"The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client."  *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir.2008).  Applying this standard, "a district court should exclude from the lodestar amount hours that are not reasonably expended because they are excessive, redundant, or otherwise unnecessary."  *Van Gerwen v. Guarantee Mutual Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal quotation marks and citation omitted); *see also Tahara v. Matson Terminals, Inc.*, 511 F.3d 950, 955 (9th Cir. 2007).

Here, Plaintiff has not submitted any billing or time entries from counsel. Rather, Plaintiff has submitted the declaration of attorney Aaron B. Markowitz. In his declaration, Mr. Aaron Markowitz reports that he spent "in excess of nineteen (19) hours reviewing Defendant's Notice of Removal and attachments and preparing the Motion for Remand," "in excess of seven (7) hours preparing the Reply" and "another six (6) hours preparing Plaintiff's Response to the Objection to the Findings and Recommendations of the Magistrate." (Doc. 24, Decl. of Markowitz at ¶ 3.) Counsel also declares, upon information and belief, that Joshua Markowitz, Esq., spent "in excess of five (5) hours assisting [ ] in researching and writing the Motion for Remand, and an additional three (3) hours assisting [ ] in researching and writing the Reply." (*Id.* at ¶ 4.) Counsel further declares, upon information and belief, that Joseph W. Carcione, Jr., Esq., "spent three (3) hours reviewing and editing the Motion for Remand, and an additional one (1) hour reviewing and editing the Reply." (*Id.* at ¶ 5.)

In the absence of detailed billing entries, Plaintiff renders the Court's assessment of whether the hours were reasonably expended extraordinarily trying. Nonetheless, given the straightforward issues that were addressed in the motion to remand, namely that the notice of removal was defective on its face and untimely and that Defendant Ford was not fraudulently joined, the amount of time spent by experienced counsel in preparing the motion to remand and reply is excessive. According to the declaration of Mr. Aaron Markowitz, an attorney with more than 10 years of experience, he spent 26 hours preparing the motion and reply, which was in addition to the hours spent by both Mr. Joshua Markowitz and Mr. Joseph Carcione in preparing the same documents. *See*, *e.g.*, *Lopez v. Pfeffer*, 2013 WL 5367723, at * 5 (N.D. Cal. Sept. 25, 2013) (12.5 hours reasonable for motion to remand); *Done Deal, Inc. v. Wilbert*, 2013 WL 3994442, at *4 (E.D. Cal. Aug. 1, 2013) (17 hours reasonable for motion to remand); *Beauford v. E.W.H. Group, Inc.*, 2009 WL 3162249, at *8 (E.D. Cal. Sept. 29, 2009) (11.87 hours reasonable for motion to remand). Based upon the issues addressed in the motion to remand and the experience of counsel, the Court finds that 19 hours for preparation of the motion to remand and reply expended by Mr. Aaron Markowitz are reasonable, not the original 26 hours requested. The Court also finds the additional 6 hours to respond to Defendant's objections spent by Mr. Aaron Markowitz alone to be reasonable.

With regard to the 8 hours reportedly expended by Mr. Joshua Markowitz in researching and preparing the motion to remand and the reply, these hours appear to be duplicative or redundant of the time spent by Mr. Aaron Markowitz in preparing the motion for remand and reply. The Court will therefore reduce the hours spent by Mr. Joshua Markowitz to 6 hours.

With regard to the 4 hours reportedly expended by Mr. Joseph Carcione in reviewing and editing the motion and reply, the Court finds this time to be duplicative or excessive based on the hours spent by Mssrs. Markowitz in preparing the motion and reply, and the Court will reduce them to 2 hours of attorney time.

**B. Reasonable Hourly Rate**

In determining a reasonable hourly rate, the fee applicant has the burden "to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Dang v. Cross,* 422 F.3d 800, 814 (9th Cir. 2005) (quotation and citation omitted). The Ninth Circuit has elaborated that:

> This determination "is not made by reference to rates actually charged by the prevailing party." [ ] The court should use the prevailing market rate in the community for similar services of lawyers "of reasonably comparable skill, experience, and reputation." [ ]

*D'Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1384 (9th Cir. 1990), overruled on other grounds by *Burlington v. Dague*, 505 U.S. 557, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992). The "relevant community" in the lodestar calculation is generally the forum in which the district court sits. *Barjon v. Dalton*, 132 F.3d 496 (9th Cir. 1997) (applying the prevailing rate for Sacramento to an attorney whose practice was based in San Francisco when the case was litigated in the Eastern District, Sacramento Division); *Jadwin v. County of Kern*, 767 F.Supp.2d 1069, 1129 (E.D. Cal. 2011) (where a case is tried in the Eastern District of California, Fresno Division, "[t]he Eastern District of California, Fresno Division, is the appropriate forum to establish the lodestar hourly rate . . .").

4

In this instance, the Court initially denied Plaintiff's request for attorneys' fees because Plaintiff did not meet the burden of producing satisfactory evidence that the requested rates were in line with those prevailing in the Eastern District of California, Fresno Division. By the renewed application, Plaintiff requests reimbursement of legal fees of $16,000.00 for fees incurred by three separate attorneys: (1) Aaron B. Markowitz, an attorney with approximately 11 ½ years of experience, at an hourly rate of $350.00 for 32 hours ($11,200); (2) Joshua Markowitz, an attorney also with approximately 11 ½ years of experience, at an hourly rate of $350.00 for 8 hours ($2,800); and (3) Joseph W. Carcione, Jr., an attorney with more than 40 years of experience, at an hourly rate of $500.00 for 4 hours ($2,000.00).[1] In support of the prevailing rate, Plaintiff provided his affidavit and an order issued in the matter of *Rodriguez v. County of Stanislaus*, Case No. 1:08-cv-00856-LJO-GSA, issued on October 26, 2010, in which the court held that Mr. Aaron Markowitz's reasonable hourly rate, with eight years of experience, was $275 per hour and that Mr. Carcione's reasonable hourly rate, with 38 years of experience, was $400.00 per hour. (Doc. 24-1, Ex. A, pp. 2-3.) "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir.1990).

Although Plaintiff has submitted evidence of a rate determination for Mr. Aaron Markowitz and Mr. Carcione in a case from 2010, Plaintiff has not provided evidence of rates generally accepted in the community based on relevant years of experience at or near the time of this action. Based on a recent examination of cases, hourly rates "generally accepted in the Fresno Division for competent experienced attorneys is between $250 and $380, with the highest rates generally reserved for those attorneys who are regarded as competent and reputable and who possess in excess of 20 years of experience." *Torchia v. W.W. Grainger, Inc.*, 304 F.R.D. 256, 276 (E.D. Cal. 2014) (citation and quotation omitted), (generally accepted rate in Fresno Division for competent experienced attorneys is between $250 and $380; awarding $300 per hour for an attorney with 8 years of experience and $380

---

[1] At the time of removal and motion for remand, all counsel were employed by Carcione, Cattermole, Dolinski, Stucky, Markowitz & Carcione, L.L.P. (Docs. 10, 13, 24.)

5

per hour for an attorney with more than 25 years of experience); *Silvester v. Harris*, 2014 WL 7239371, *4 (E.D. Cal. Dec. 17, 2014) (awarding $350 hour for an attorney with 11 years of experience with extensive experience in new and developing area of jurisprudence, including litigation, legislative analysis, regulatory compliance and consultation and awarding $285 per hour for an attorney with 10 years of experience with limited involvement researching issues related to judicial notice); *Willis v. City of Fresno*, 2014 WL 3563310, *11 (E.D. Cal. Jul. 17, 2014) (awarding $380 per hour to attorneys with 40 years of experience and $300 per hour to attorney with 19 years of experience).

Having considered counsels' experience and involvement in this case, the Court's own knowledge, the rates generally accepted in the community and the relatively established nature of the law regarding removal and remand, the Court finds that an hourly rate of $300.00 is reasonable for Mr. Aaron Markowitz and Mr. Joshua Markowitz and an hourly rate of $380.00 is reasonable for Mr. Carcione.

Based on the reasonable attorney rates and reasonable hours calculated above, the lodestar figure in this matter is reduced from $16,000 to $10,060.00. It is not necessary to adjust this figure based on any additional factors.

### III. Conclusion and Recommendation

For the reasons discussed above, IT IS HEREBY RECOMMENDED that

1. Plaintiff's request for attorneys' fees be GRANTED IN PART and DENIED IN PART; and
2. Attorneys' fees in the amount of $10,060.00 be awarded to Plaintiff.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on

appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:  **July 9, 2015**                     /s/ *Barbara A. McAuliffe*
                                                     UNITED STATES MAGISTRATE JUDGE